UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUSSELL HUGHES, individually on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>WELEDA, INC.<br><br>     Defendant. | Case No. 7:17-cv-2494 (CS)(JCM)<br><br>**Oral Argument Requested** |

---

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT WELEDA, INC.'S MOTION TO DISMISS PLAINTIFF RUSSELL HUGHES'S COMPLAINT**

---

              **KAUFMAN DOLOWICH & VOLUCK, LLP**
              21 Main Street, Suite 251
              Hackensack, New Jersey 07601
              Tel: 201-708-8207
              Fax: 201-488-6652
              cnucifora@kdvlaw.com
              esardina@kdvlaw.com

              *Attorneys for Defendant Weleda, Inc.*

Of Counsel:
  Christopher Nucifora, Esq.

On the Brief:
  Christopher Nucifora, Esq.
  Erik E. Sardiña, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

LEGAL ARGUMENT ........................................................................................................... 1

    POINT I: THE PLAINTIFF LACKS CLASS STANDING, WHICH IS PROPERLY BEFORE THIS COURT ON A MOTION TO DISMISS. ................................................ 1

        A.    Class Standing Is Properly Addressed at the Motion to Dismiss Stage ................. 2

        B.    Plaintiff Lacks Class Standing ............................................................................. 3

    POINT II: PLAINTIFF DOES NOT MEET HIS OWN DEFINITION OF SYNTHETIC OR ESTABLISH THE REQUIRED PLAUSIBILTY ....................................................... 5

    POINT III: PLAINTIFF'S CLAIM FOR BREACH OF EXPRESS WARRANTY FAILS ............................................................................................................................... 8

    POINT IV: PLAINTIFF'S CLAIM UNDER THE MAGNUSON-MOSS WARRANTY ACT FAILS ....................................................................................................................... 9

    POINT V: PLAINTIFF CANNOT ASSERT A CLAIM FOR INJUNCTIVE RELIEF .... 9

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

CASES

*Abraham v. Volkswagen of Am., Inc.*,
   795 F.2d 238 (2d Cir. 1986) ............................................................................................... 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................... 6, 7

*Associated Gen. Contractors of Cal., Inc. v. Carpenters*,
   459 U.S. 519 (1983) ........................................................................................................... 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................... 6, 7

*Buonasera v. Honest Co.*,
   208 F. Supp. 3d 555 (S.D.N.Y. 2016) .............................................................................. 10

*Carcone v. Gordon Heating & Air Conditioning Co.*,
   623 N.Y.S.2d 679 (App. Div. 1995) .................................................................................. 8

*Carlson v. General Motors, Inc.*,
   883 F.2d 287 (4th Cir. 1989), *cert. denied*, 495 U.S. 904 (1990) ......................................... 9

*Casabianca v. Casabianca*,
   428 N.Y.S.2d 400 (Special Term 1980) ............................................................................ 8

*Dezelan v. Voya Ret. Ins. & Annuity Co.*,
   No. 3:16-cv-1251, 2017 U.S. Dist. LEXIS 104572 (D. Conn. July 6, 2017) ........................ 3

*DiMuro v. Clinique Labs., LLC*,
   572 Fed. Appx. 27 (2d Cir. 2014) .............................................................................. 3, 4, 5

*Dura Pharms., Inc. v. Broudo*,
   544 U.S. 336 (2005) ........................................................................................................... 8

*Hart v. BHH, LLC*,
   15cv4804, 2016 U.S. Dist. LEXIS 59943 (S.D.N.Y. May 5, 2016) .................................. 3, 5

*Hodges v. Vitamin Shoppe, Inc.*,
   Civil Action No. 13-3381 (SRC), 2014 U.S. Dist. LEXIS 5109 (D.N.J. Jan. 15, 2014) ...... 6, 7

*In re GM LLC Ignition Switch Litig.*,
   14-MD-2543 (JMF), 2016 U.S. Dist. LEXIS 92499 (S.D.N.Y. July 15, 2016) ...................... 4

*Kelly v. Cape Cod Potato Chip Co.*,
 81 F. Supp. 3d 754 (W.D. Mo. 2015) .................................................................................... 7

*Kraft v. Staten Island Boat Sales, Inc.*,
 715 F. Supp. 2d 464 (S.D.N.Y. 2010) ..................................................................................... 9

*Kwan v. SanMedica Int'l, LLC*,
 14-cv-03287-MEJ, 2015 U.S. Dist. LEXIS 22911 (N.D. Cal. Feb. 25, 2015),
 *aff'd*, 854 F.3d 1088 (9th Cir. 2017) ...................................................................................... 6

*Koenig v. Boulder Brands, Inc.*,
 995 F. Supp. 2d 274 (S.D.N.Y. 2014) ..................................................................................... 8

*Landtek Grp. Inc. v. N. Am. Specialty Flooring, Inc.*,
 CV 14-1095 (SJF) (AKT), 2016 U.S. Dist. LEXIS 107945 (E.D.N.Y. Aug. 12, 2016),
 *adopted in its entirety*, 2016 U.S. Dist. LEXIS 127387 (E.D.N.Y. Sep. 16, 2016) ................. 9

*Laydon v. Bank of Tokyo-Mitsubishi UFJ*,
 12 Civ. 3419 (GBD), 2017 U.S. Dist. LEXIS 38270 (S.D.N.Y. March 10, 2017) .................. 3

*Manufacturers & Traders Trust Co. v. Stone Conveyor, Inc.*,
 458 N.Y.S.2d 116 (App. Div. 1982) ....................................................................................... 8

*Merryman v. J.P. Morgan Chase Bank, N.A.*,
 15-CV-9188 (VEC), 2016 U.S. Dist. LEXIS 134883 (S.D.N.Y. Sept. 29, 2016) ........... 2, 4, 5

*Michael v. Honest Co.*,
 LA CV15-07059 JAK (AGRx),
 2016 U.S. Dist. LEXIS 189116 (C.D. Cal. Dec. 6, 2016) ..................................................... 10

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
 693 F.3d 145 (2d Cir. 2012), *cert. denied*, 568 U.S. 1228 (2013) ............................... 2, 3, 4, 5

*Pelayo v. Nestle USA, Inc.*,
 989 F. Supp. 2d 973 (C.D. Cal. 2013) .................................................................................... 7

*Policemen's Annuity & Ben. Fund of Chicago v. Bank of America, N.A.*,
 12 Civ. 2865 (KBF), 2014 U.S. Dist. LEXIS 66442 (S.D.N.Y. May 5, 2014) ....................... 2

*Randy Knitwear, Inc. v. American Cyanamid Co.*,
 11 N.Y.2d 5 (N.Y. 1962) ......................................................................................................... 8

*Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chicago v. Bank of N.Y. Mellon*,
  775 F.3d 154, 159 (2d Cir. 2014), *rehearing and en banc petition denied*, No. 13-1777 (XAP), 2015 U.S. App. LEXIS 7509 (2d Cir. Apr. 13, 2015), *cert. denied*, 136 S. Ct. 796 (2016) ................................................................................................................... 2, 3, 6

*Spector v. Mondelez Int'l Inc.*,
  No. 15 C 4298, 2017 U.S. Dist. LEXIS 158140 (N.D. Ill. Sept. 27, 2017) ......................... 6-7

*Walsh v. Ford Motor Co.*,
  807 F.2d 1000 (D.C. Cir. 1986), *cert. denied*, 482 U.S. 915 (1987) ...................................... 9


COURT RULES

Fed. R. Civ. P. 12(b)(1) ............................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1


FEDERAL STATUTES

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. (2016) ....................................... 1, 9, 10


NEW YORK STATUTES

N.Y. C.L.S. U.C.C. 2-318 (2017) ................................................................................................ 8

**PRELIMINARY STATEMENT**

Defendant Weleda, Inc. ("Weleda" or "Defendant") submits this reply memorandum in further support of its motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) seeking the entry of an Order dismissing the Complaint filed by Plaintiff Russell Hughes ("Plaintiff") on his own behalf and all others similarly situated. Contrary to the Plaintiff's assertion in his opposition, the issue of class standing is properly before the Court on this motion to dismiss and examining the totality of the Plaintiff's claim, class standing is lacking. Additionally, the Plaintiff's claims fail to meet the plausibility standard required by the Supreme Court as the regulations cited by the Plaintiff fail to support his own definition of "synthetic." Furthermore, the Plaintiff is required to establish privity in order to state an express warranty claim and fails to meet the definition of a written warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 ("MMWA"). The Plaintiff also lacks standing to assert claims for injunctive relief as he has alleged that he would not purchase the Products[1] in the future, absent a change in the ingredients. Thus, for the reasons set forth below and in its moving papers, Weleda respectfully requests that the Court dismiss the Plaintiff's Complaint in its entirety.

**LEGAL ARGUMENT**

**I.      THE PLAINTIFF LACKS CLASS STANDING, WHICH IS PROPERLY BEFORE THIS COURT ON A MOTION TO DISMISS.**

In his opposition, the Plaintiff claims that the issue of his class standing should not be addressed at the motion to dismiss stage, but this is contradicted by the Second Circuit Court of Appeals, which has repeatedly affirmed the dismissal of pleadings for lack of class standing.

---

[1] For a list of the Products at issue, s*ee generally* Db at 3. As used herein, "Db" refers to the Memorandum of Law in Support of Defendant Weleda, Inc.'s Motion to Dismiss Plaintiff Russell Hughes's Complaint. "Pb" refers to the Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint Under Rules 12(b)(1) and 12(b)(6).

1

Additionally, the Plaintiff focuses solely on the similarity of the alleged misrepresentations on the 41 Products, i.e., that they are "Natural" or "Certified Natural," in arguing that he has established class standing. This, however, is too narrow a view of the requirement that the Plaintiff's claims and those of the rest of the class raise the same set of concerns. This is particularly so as the Plaintiff would not need any evidence related to the 13 ingredients not found in the two Products he purchased in order to prove his claims.

A. **Class Standing Is Properly Addressed at the Motion to Dismiss Stage.**

First and foremost, "[d]ismissal for lack of class standing is appropriate at the motion to dismiss stage." *Merryman v. J.P. Morgan Chase Bank, N.A.*, 15-CV-9188 (VEC), 2016 U.S. Dist. LEXIS 134883, at *49 (S.D.N.Y. Sept. 29, 2016); *see also Policemen's Annuity & Benefit Fund of Chicago v. Bank of America, N.A.*, 12 Civ. 2865 (KBF), 2014 U.S. Dist LEXIS 66442, at *12 (S.D.N.Y. May 5, 2014) ("Nothing about the facts of a putative class prevents the Court from determining the merits of a plaintiff's claim prior to class certification in such a manner."). The Plaintiff cites to no decisions of the Second Circuit Court of Appeals to support its claim that class standing should not be heard on a motion to dismiss for the simple reason that there are no such decisions. When the Second Circuit Court of Appeals has had the opportunity to address the issue of class standing, it has repeatedly affirmed decisions finding no class standing on a motion to dismiss. *See, e.g., Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chicago v. Bank of N.Y. Mellon*, 775 F.3d 154, 159 (2d Cir. 2014) (affirming grant of motion to dismiss based on lack of class standing), *rehearing and en banc petition denied*, No. 13-1777 (XAP), 2015 U.S. App. LEXIS 7509 (2d Cir. Apr. 13, 2015) (en banc), *cert. denied*, 136 S. Ct. 796 (2016). Even where it reversed the district court's dismissal in part, the Second Circuit based this not on the fact that the motion was premature, but that class standing was found. *See NECA-IBEW Health & Welfare*

*Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012) (affirming in part and reversing in part grant of defendants' motion to dismiss and finding class standing to assert claims as to some, but not all, mortgage-backed certificates that plaintiff did not purchase), *cert. denied*, 568 U.S. 1228 (2013).

This makes sense as "*NECA*'s two-part test, which derives from constitutional standing principles, is thus distinct from the criteria that govern whether a named plaintiff is an adequate class representative under Rule 23(a)." *Ret. Bd. of the Policemen's Annuity & Benefit Fund*, 775 F.3d at 161; *see also Laydon v. Bank of Tokyo-Mitsubishi UFJ*, 12 Civ. 3419 (GBD), 2017 U.S. Dist. LEXIS 38270, at *9 (S.D.N.Y. March 10, 2017). Furthermore, courts in this circuit have continued to address the class standing issue on a motion to dismiss. *Dezelan v. Voya Ret. Ins. & Annuity Co.*, No. 3:16-cv-1251, 2017 U.S. Dist. LEXIS 104572, at *23-25 (D. Conn. July 6, 2017) (finding no class standing on a motion to dismiss); *Hart v. BHH, LLC*, 15cv4804, 2016 U.S. Dist. LEXIS 59943, at *10 (S.D.N.Y. May 5, 2016) (same). Thus, the issue of class standing is properly addressed at the motion to dismiss stage.

**B.     Plaintiff Lacks Class Standing.**

In the present matter, the Plaintiff lacks class standing to bring claims on behalf of a class for Products he did not purchase. Under the law of this circuit, a "plaintiff has class standing if he plausibly alleges (1) that he 'personally has suffered some actual ... injury as a result of the putatively illegal conduct of the defendant,' and (2) that such conduct implicates 'the same set of concerns' as the conduct alleged to have caused injury to other members of the putative class by the same defendants." *NECA*, 693 F.3d at 162 (citations omitted). Furthermore, the "set of concerns" should be "nearly identical." *Id.* at 163; *accord DiMuro v. Clinique Labs., LLC*, 572 Fed. Appx. 27 (2d Cir. 2014).

3

In his opposition, the Plaintiff claims he has class standing as the alleged misstatements on the Products' packages that they are "Natural" or "Certified Natural" are "nearly identical." (Pb at 9.) The similarity of the alleged misstatements, however, is not dispositive, as the same "set of concerns" requires a broader analysis. For example, in *NECA*, the Second Circuit Court of Appeals affirmed in part the district court decision finding that the plaintiff "lack[ed] class standing to assert claims on behalf of purchasers of Certificates from the other 10 Trusts" as they did not have the same originators despite using "the same Shelf Registration Statement or from nearly identical misstatements contained in distinct Prospectus supplements." 693 F.3d at 163-64; s*ee also Merryman*, 2016 U.S. Dist LEXIS 134883 at *46 (holding that the plaintiffs lacked class standing even where the alleged misrepresentations "were essentially the same"); *In re GM LLC Ignition Switch Litig.*, 14-MD-2543 (JMF), 2016 U.S. Dist. LEXIS 92499, at *242 (S.D.N.Y. July 15, 2016) (holding no class standing as "statements … may have been 'misleading with respect to one [car] … [but] not necessarily misleading with respect to others'").

The Plaintiff also seeks to minimize the Court of Appeals decision in *DiMuro*, but that decision reinforces the breadth of the analysis undertaken in determining whether the same set of concerns will be implicated if the Plaintiff pursues claims for Products he did not purchase. In that decision, the Court of Appeals held that the plaintiffs lacked class standing as "each of the seven different products have different ingredients" and that "[e]ntirely unique evidence will, therefore, be required to prove that the 35-some advertising statements for each of the seven different Repairwear products are false and misleading." *DiMuro*, 572 Fed. Appx. at 29. "As a result, we cannot say that 'claims brought by a purchaser of' one product 'would raise a 'set of concerns' nearly identical to that of a purchaser' of another Repairwear product." *Id*.

Presently, the Plaintiff is seeking to establish a class involving the purchasers of 41 Products (of which the Plaintiff only purchased two), involving 24 ingredients that are allegedly "synthetic" (despite the fact that only 11 of those ingredients are found in the two Products purchased by Plaintiff). (*See* Compl. at ¶¶ 6, 7, and 31.) Thus, should the matter be allowed to proceed, the Plaintiff would be seeking discovery on 39 Products he did not purchase and 13 ingredients not found in the Products he purchased. However, "[t]he implicit lesson in *DiMuro* is that *NECA* did not give plaintiffs—and their counsel—free reign to bring lawsuits regarding products they never purchased." *Hart*, 2016 U.S. Dist. LEXIS 59943, at *9 (citation omitted). Courts have rejected the "notion that introducing such evidence [related to products the plaintiff did not purchase] might augment the evidence supporting their own claims; that incentive, however, does not suffice to establish class standing." *Merryman*, 2016 U.S. Dist. LEXIS 134883, at *49. Furthermore, "the fact that the plaintiffs could expand the evidence necessary to prove their own claims to include evidence that would prove absent class members' claims was not enough to establish that plaintiffs had 'any real interest in litigating the absent class members' claims'" *Id.* at *46 (quoting *Ret. Bd. of the Policemen's Annuity & Ben. Fund*, 775 F.3d at 163).

Again, the Plaintiff would not need any evidence related to the 13 ingredients not found in the two Products he purchased in order to prove his claims. As such, the same sets of concerns are not present with respect to those absent ingredients. Furthermore, while the two Products purchased by the Plaintiff may contain some of the same ingredients as the other 39 Products, the combination of the ingredients will differ and the origin and source of the ingredients may differ as well. Again, the same set of concerns will not be present. Thus, the claims for all Products, other than Weleda Calendula Toothpaste and Weleda Men Active Shower Gel, should be dismissed.

## II. PLAINTIFF DOES NOT MEET HIS OWN DEFINITION OF SYNTHETIC OR ESTABLISH THE REQUIRED PLAUSIBILTY.

In the Complaint, the Plaintiff has alleged that "Defendant's representations that the Products are 'Certified Natural' and/or 'Natural', is false, misleading, and deceptive because the Products contain multiple ingredients that are, as explained below, synthetic." (Compl. at ¶ 7.) In the subsequent subparagraphs, the Plaintiff cites to provisions of the Code of Federal Regulations propounded by the Food and Drug Administration and the Department of Agriculture, including those pursuant to the Organic Foods Production Act. (Compl. at ¶¶ 7, 9, and 10.) However, the regulations cited by the Plaintiff fail to support his claim as the identified ingredients are not considered synthetic under those regulations.

To adequately plead that the representations on Weleda's Products that they are "Natural" or "Certified Natural" are false, the Plaintiff cannot simply rely upon the mere allegation that these representations are false, as such conclusory and threadbare allegations "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Courts have dismissed false advertising claims under *Iqbal* and *Twombly* where the plaintiffs failed to cite studies or other factual evidence supporting the allegation that the advertising claim is false. *See Kwan v. SanMedica Int'l, LLC*, 14-cv-03287-MEJ, 2015 U.S. Dist. LEXIS 22911, at *19 (N.D. Cal. Feb. 25, 2015) (dismissing putative class action as the plaintiff did not cite to a study or other published report that the benefits alleged on the package were "categorically impossible to achieve"), *aff'd*, 854 F.3d 1088 (9th Cir. 2017); *Hodges v. Vitamin Shoppe, Inc.*, Civil Action No. 13-3381 (SRC), 2014 U.S. Dist. LEXIS 5109, at *12 (D.N.J. Jan.

6

15, 2014) (dismissing putative class action and noting that the "various scientific studies concerning the efficacy of the active ingredients" cited in the complaint "are by and large inapposite to the crucial assertion that Vitamin Shoppe's representations about the Product's benefits are false"); *Spector v. Mondelez Int'l Inc.*, No. 15 C 4298, 2017 U.S. Dist. LEXIS 158140, at *30 (N.D. Ill. Sept. 27, 2017) (holding that the "claim of falsity is not supported in a direct way by any of the materials she cites" and noting plaintiff's reliance "on inferences, assumptions, and leaps from general principles"); *see also Kelly v. Cape Cod Potato Chip Co.*, 81 F. Supp. 3d 754, 759-62 (W.D. Mo. 2015) (holding that plaintiff fails to state a claim as regulations cited by plaintiff in support of definition of "natural" are inapplicable or directly inapposite); *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 979 (C.D. Cal. 2013) (same).

As detailed in Weleda's moving brief, (Db at 9-19), the ingredients identified by the Plaintiff are not considered synthetic under the cited regulations. In fact, the cited regulations are "by and large inapposite to the crucial assertion" that the ingredients are synthetic making the "Natural" and "Certified Natural" representations false. *See Hodges*, 2014 U.S. Dist. LEXIS 5109 at *12. Thus, the Plaintiff's claims are conclusory and not plausible under *Iqbal*/*Twombly*.

Furthermore, "'a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.'" *Twombly*, 550 U.S. at 558 (quoting *Associated Gen. Contractors of Cal., Inc.* v. *Carpenters*, 459 U.S. 519, 528, n. 17 (1983)). "It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management,' given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side." *Id.* at 559 (citations omitted). Again, "something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with 'a largely

7

groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Id*. at 557-58 (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)). As noted above, the Plaintiff is asserting claims in connection with 41 Products and 24 ingredients. Given the inapplicability of the cited regulations to Plaintiff's implausible claims, the Court should not permit Plaintiff to proceed with a "potentially massive factual controversy."

### III. PLAINTIFF'S CLAIM FOR BREACH OF EXPRESS WARRANTY FAILS.

As noted by Weleda in its moving brief, the Plaintiff cannot assert a claim for breach of express warranty as he failed to allege privity. Under New York law, "privity is an essential element of a cause of action for breach of express warranty, unless the plaintiff claims to have been personally injured." *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014). Contrary to Plaintiff's assertion, *Koenig* correctly captures the current state of the law in New York. *See* N.Y. C.L.S. U.C.C. 2-318 (2017) ("A seller's warranty whether express or implied extends to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty.") Furthermore, New York state courts have noted that "[p]rivity is also an essential element of a cause of action for express warranty." *Carcone v. Gordon Heating & Air Conditioning Co.*, 623 N.Y.S.2d 679, 680 (App. Div. 1995); *see also Manufacturers & Traders Trust Co. v. Stone Conveyor, Inc.*, 458 N.Y.S.2d 116, 117 (App. Div. 1982) ("The first and second causes of action are deficient because they fail to allege privity of contract … an essential element for causes of action in express and implied warranty."); *Casabianca v. Casabianca*, 428 N.Y.S.2d 400, 401 (Special Term 1980) ("At the outset it should be clear that breach of warranty is not an available cause of action for there is no privity between the corporate defendant and the plaintiff.").

8

While the Plaintiff relies on *Randy Knitwear, Inc. v. American Cyanamid Co.*, 11 N.Y.2d 5 (N.Y. 1962), to support his argument that privity is not required, courts have distinguished that decision on the basis that it pre-dates the adoption of the U.C.C. in New York. *See Landtek Grp., Inc. v. N. Am. Specialty Flooring, Inc.*, CV 14-1095 (SJF) (AKT), 2016 U.S. Dist. LEXIS 107945, at *121 (E.D.N.Y. Aug. 12, 2016) (holding privity required and distinguishing *Randy Knitwear* as being displaced by the U.C.C.), *adopted in its entirety*, 2016 U.S. Dist. LEXIS 127387 (E.D.N.Y. Sep. 16, 2016). As the Plaintiff failed to plead privity, and admittedly privity does not exist here, (*see* Compl. at ¶ 31), his claim for breach of express warranty fails and should be dismissed.

## IV. PLAINTIFF'S CLAIM UNDER THE MAGNUSON-MOSS WARRANTY ACT FAILS.

In his opposition, the Plaintiff essentially concedes that he cannot assert a claim under the MMWA as "Certified Natural" and/or "Natural" fail to meet the definition of a written warranty under the MMWA. (Pb at 17.) The failure of Plaintiff to meet the definition of a written warranty under the MMWA is fatal to his claims and his attempt to bootstrap the state law definition of a warranty is unavailing. It is "beyond genuine dispute that, as to both implied and written warranties, Congress intended the application of state law, except as expressly modified by Magnuson-Moss, in … breach of warranty actions." *Walsh v. Ford Motor Co.,* 807 F.2d 1000, 1013-14 (D.C. Cir. 1986), *cert. denied*, 482 U.S. 915 (1987); *see also Abraham v. Volkswagen of America, Inc.*, 795 F.2d 238, 247-49 (2d Cir. 1986); *Carlson v. General Motors, Inc.*, 883 F.2d 287, 291 (4th Cir. 1989), *cert. denied*, 495 U.S. 904 (1990). Thus, "except in the specific instances in which the MMWA expressly prescribes a regulating rule, the Act calls for the application of state written and implied warranty law, not the creation of additional federal law." *Walsh*, 807 F.2d at 1012. "The MMWA does provide a 'regulating rule' in the case of written warranties by setting forth what constitutes a written warranty." *Kraft v. Staten Island Boat Sales, Inc.*, 715 F.

Supp. 2d 464, 474 (S.D.N.Y. 2010). Plaintiff's claims fail because of his own admitted failure to meet the definition of a "written warranty" under the MMWA.[2]

## V. PLAINTIFF CANNOT ASSERT A CLAIM FOR INJUNCTIVE RELIEF.

As detailed in Weleda's moving papers, the Plaintiff lacks Article III standing to assert a claim for injunctive relief, because he is aware of the purportedly suspect ingredients contained in Weleda's Products and admits he will not purchase the Products "as is." In his opposition, the Plaintiff refers to a number of cases, which are inapposite. Those cases address changes in labeling, but in this instance, the Plaintiff asserts that the only way he would purchase the Products again is "if the ingredients were changed." (Compl. at ¶ 46.) When such a claim has been made, courts have declined to find Article III standing to seek injunctive relief. *See Buonasera v. Honest Co.*, 208 F. Supp. 3d 555, 563-65 (S.D.N.Y. 2016); *Michael v. Honest Co.*, LA CV15-07059 JAK (AGRx), 2016 U.S. Dist. LEXIS 189116, at *33-38 (C.D. Cal. Dec. 6, 2016).

## CONCLUSION

As detailed above and in Weleda's original moving papers, the Plaintiff's Complaint should be dismissed in its entirety.

Respectfully submitted,

**KAUFMAN DOLOWICH & VOLUCK, LLP**

By:   /s/Christopher Nucifora
   Christopher Nucifora

Dated: March 21, 2018

---

[2] As the Plaintiff has withdrawn his implied warranty claims in the Sixth and Seventh Causes of Action in the Complaint, there is no other basis for asserting a claim under the MMWA. In any event, the Plaintiff is required to establish privity under state law, which he has failed to do. *See, supra,* at III.